1

2

3

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

5

6  GIOVANNI VALERIO,                          )
                                             )
7            Petitioner,                      )        2:10-CV-01806-PMP-GWF
                                             )
8  vs.                                        )
                                             )                  ORDER
9  ANTHONY SCILLIA, WARDEN,                  )
                                             )
10  _____Respondent.     )

11          This is an action on a petition for writ of habeas corpus filed by Giovanni Valerio, a Nevada

12  inmate.  Before the Court is a motion to dismiss the petition (ECF No. 10) arguing it is untimely and

13  that certain claims are procedurally barred or unexhausted.  Petitioner has opposed the motion  (ECF

14  No. 13) and respondents did not reply.  The motion to dismiss shall be granted.

15  **I.      Procedural Background**

16          After being charged with eleven counts of Robbery With the Use of a Deadly Weapon, nine

17  counts of Burglary While in Possession of a Deadly Weapon, Conspiracy to Commit Robbery and

18  Stop Required on Signal of Police Officer, petitioner agreed to plead guilty to six counts of Robbery

19  With the Use of a Deadly Weapon.  Exhibits 2 and 3.[1]   A Judgment of Conviction was entered on

20  July 11, 2002, which evidenced that petitioner had been sentenced to six consecutive terms of 26 to

21  120 months on each of the charges to which he pled guilty and an additional six consecutive term of

22  26 to 120 months for the use of a deadly weapon enhancements.  Exhibit 6.  Thus, petitioner is

23  serving twelve consecutive terms of 26 to 120 months in prison.  Petitioner filed a Motion for

24

25

26          [1] The exhibits referenced in this Order were submitted by respondents in support of their Motion
to Dismiss unless otherwise noted.  The exhibits are found in the Court's docket at ECF No. 11.

1   Reconsideration of the Sentence.  Exhibit 7.  The motion was denied on August 2, 2002.  Exhibit 9.

2   Petitioner did not file a direct appeal.

3          On June 27, 2003, petitioner filed his original state post-conviction petition for writ of

4   habeas corpus.  Exhibit 10.  Following an evidentiary hearing, the court denied the grounds

5   contained in the petition but granted petitioner leave to file a *Lozada*[2] appeal, based on trial

6   counsel's testimony that she had "forgotten" to file the notice of appeal when the file was

7   inadvertently closed after the decision on the motion for reconsideration.  Exhibit 13.

8          With various stipulations among the parties for additional time, the *Lozada* petition was not

9   filed until June 11, 2007.  Exhibits 14 and 15.  The petition alleged a violation of the Eighth

10  Amendment's prohibition of cruel and unusual punishment and ineffective assistance of counsel in

11  failing to file the motion for reconsideration of the sentence before the entry of the judgment of

12  conviction.  Exhibit 15.  Petitioner then appealed the decision to the Nevada Supreme Court.

13  Exhibit 21.  The Nevada Supreme Court affirmed the lower court's decision.  Exhibit 23.  Remittitur

14  was issued on June 17, 2008.

15         On May 21, 2009, petitioner filed a third post-conviction petition arguing ineffective

16  assistance of counsel at trial and on appeal and a due process violation caused by the loss of his

17  direct appeal.  Exhibit 25.  The petition was dismissed on October 7, 2009, with the district court

18  finding the claims were procedurally barred as untimely and successive.  Exhibit 32.  On appeal, the

19  Nevada Supreme Court affirmed the denial of relief, but found that the claims of ineffective

20  assistance of *Lozada* counsel should have been considered on their merits because the petition was

21  timely filed after the denial of the *Lozada* petition.  Exhibit 34.  The claims alleging that *Lozada* was

22  an inadequate remedy were, however, subject to a procedural bar because petitioner had previously

23  raised the claim in his original petition and that decision was the "law of the case."  *Id.*

---

[2] *Lozada v. State,* 110 Nev. 149, 871 P.2d 944 (1994).

1   Petitioner had already submitted his federal petition by the time the remittitur issued on

2   November 11, 2010.  *See* ECF No. 1, dated October 15, 2010.

3   **II.      Discussion**

4            A.      Statute of Limitations

5            On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

6   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7   corpus filed after the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*,

8   114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant

9   petition was filed on October 15, 2010, and thus, it is subject to the provisions of the AEDPA.

10           The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

11  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

12  (d) reads:

13           (1)  A 1-year period of limitation shall apply to an
     application for a writ of habeas corpus by a person in custody
14           pursuant to the judgment of a State court.  The limitation period
     shall run from the latest of –
15
             (A) the date on which the judgment became final by the
16           conclusion of direct review or the expiration of the time for
     seeking such review;
17
             (B) the date on which the impediment to filing an
18           application created by State action in violation of the
     Constitution or laws of the United States is removed, if the
19           applicant was prevented from filing by such State action;

20           (C) the date on which the constitutional right asserted
     was initially recognized by the Supreme Court, if the right has
21           been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or
22
             (D) the date on which the factual predicate of the
23           claim or claims presented could have been discovered
     through the exercise of due diligence.
24  / / /
    / / /
25  / / /
    / / /
26

3

1

2                    (2) The time during which a properly filed application for State
        post-conviction or other collateral review with respect to the pertinent
        judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

3

4         A "properly filed application" is one in which the "delivery and acceptance are in

5  compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d

6  724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364 (2000).  Time

7  limits on post conviction petitions are "condition[s] to filing," such that an untimely petition would

8  not be deemed "properly filed."  *Pace v. DiGuglielmo,*544 U.S. 408, 413, 125 S.Ct. 1807, 1812

9  2005).

10        Respondents argue that the federal petition is barred by the statute of limitations.  A review

11 of the time line involved in petitioner's post-conviction proceedings supports that contention.

12 Petitioner's conviction became final on August 10, 2002, once the thirty-day time allowed for appeal

13 expired.  28 U.S.C. §2244(d)(1)(A).  From that point until petitioner filed his first post-conviction

14 petition on June 27, 2003, a total of 321 days expired.  The limitation period was tolled while this

15 properly filed petition was pending before the state courts.  Additionally the period was tolled

16 pending the filing of the agreed upon *Lozada* petition until its finalization on June 17, 2008.[3]  *See*

17 Exhibit 24.  From June 18, 2008, petitioner had a balance of 44 days remaining in his one-year

18 limitations period.  Thus, the one year expired on July 31, 2008.  Petitioner did not file his third and

19 final post-conviction petition until May 21, 2009, some ten months later.  *See* Exhibit 25.

20        Because the federal petition in this action is untimely, it is subject to dismissal unless

21 petitioner is entitled to equitable tolling of the statute of limitations for a period of time during

22 which the clock was running.  Petitioner makes various arguments that he is so entitled.

23

24        [3] Respondents argue that the time which expired (almost three and one-half years after the
   original post-conviction petition was denied) should not be tolled.  However, because the State and the
25 court both apparently stipulated to this lengthy delay (*see,* exhibit 14), this Court finds that tolling is
   appropriate.
26

                                                    4

1             B.     <u>Equitable Tolling</u>

2             In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(1), the AEDPA

3 limitations period is subject to equitable tolling.  *See Calderon v. United States District Court*

4 (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v.*

5 *United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).  Equitable tolling is available

6 only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition

7 on time."  *Beeler*, 128 F.3d at 1288.

8             *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law

9 governing equitable tolling of the AEDPA statute of limitations:

10                     As we have previously held, "[w]hen external forces, rather
than a petitioner's lack of diligence, account for the failure to file a
11            timely claim, equitable tolling of the statute may be appropriate."
*Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also*
12            *Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283,
1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon*
13            *v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en
banc) (petitioner entitled to equitable tolling where petitioner's
14            counsel withdrew and left replacement counsel with unusable work
product that made timely filing impossible); *Kelly*, 163 F.3d at
15            541-42 (petitioner entitled to equitable tolling because the district
court ordered a stay preventing petitioner's counsel from filing a
16            timely habeas petition and because petitioner was allegedly
mentally incompetent).
17

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.C. 2549, 2562-63 (2010).
18

19             The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable

20 in most cases.  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d

21 1104, 1107 (9th Cir. 1999).  Equitable tolling is only appropriate "if *extraordinary* circumstances

22 beyond a prisoner's control make it impossible to file a petition on time."  *Miranda*, 292 F.3d at

23 1066 (*quoting Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997),

24 *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530

25 (9th Cir. 1998)(*en banc*))(emphasis in original).  "Indeed, 'the threshold necessary to trigger

26 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292

1   F.3d at 1066 (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531

2   U.S. 878 (2000)).

3          Petitioner argues that he believed his trial counsel had filed for and was pursuing a direct

4   appeal.  He contends that counsel failed to contact him regarding issues that might have been raised

5   in that appeal and that he was denied access to transcripts of "pertinent parts of the record."  He

6   seems to suggest that because he was denied his direct appeal, in violation of his due process rights,

7   the passage of time should be excused.  He further contends that he filed his state post-conviction

8   petition "within a reasonable time after he should have known that his counsel was not pursuing his

9   direct appeal.  Opposition (ECF No. 13), p. 7.  Petitioner is not explicit as to when, exactly, he

10  "should have known" or did know that there was no appeal pending.  Thus, the Court has no

11  information upon which to establish any period of time that might qualify for tolling, if petitioner

12  had been diligent in pursuing his appeal - which the Court finds he was not.

13         As discussed above, the actions of counsel, if sufficiently egregious, can act to entitled a

14  petitioner to equitable tolling of the limitations period.  *See  Tillema*, 253 F.3d at 504; *see also*

15  *Holland v. Florida,* 130 S.Ct. at 2562-63.  This entitlement, however, is limited to those instances

16  where petitioner himself has been diligent in pursuit of his appeal rights or, at least, in pursing his

17  counsel's effort in that respect.  Petitioner provides no evidence or even argument that he personally

18  took any steps to establish the status of his appeal either by attempting to contact his counsel or the

19  court.  He offers no showing whatsoever that he diligently perused his own appeal rights.

20  **III.     Conclusion**

21         The petition is untimely and petitioner has not demonstrated that he is entitled to equitable

22  tolling of the one-years limitation period because of the actions of his counsel.  Because the entire

23  petition must be dismissed, respondents' additional arguments as to select claims raised within the

24  petition shall not be considered here.

25

26

1      Should petitioner wish to appeal this decision, he must receive a certificate of appealability.

2  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-

3  951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).

4  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to

5  warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

6  483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

7  court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at

8  484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

9  issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

10 the questions are adequate to deserve encouragement to proceed further.  *Id.*

11     Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

12 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

13 order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

14 notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

15 considered the issues raised by petitioner, with respect to whether they satisfy the standard for

16 issuance of a certificate of appealability, and determines that none meet that standard.  The Court

17 will therefore deny petitioner a certificate of appealability.

18     **IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 10) is

19 **GRANTED.**  The petition is **dismissed with prejudice as untimely.**

20     **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  The Clerk

21 shall enter judgment accordingly.

22

23 DATED: May 20, 2011.

24

25 _____

26 PHILIP M. PRO
   United States District Judge

7