UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GIOVANNI VALERIO,

    Petitioner,

vs.

ANTHONY SCILLIA, *et al.*,

    Respondents.

Case No. 2:10-cv-01806-GMN-GWF

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel.

**I.    Procedural History**

By order filed May 20, 2011, this Court granted respondents' motion to dismiss the petition, because it was untimely and petitioner failed to demonstrate that he was entitled to equitable tolling. (ECF No. 14). Judgment was entered the same date. (ECF No. 15). Petitioner appealed this Court's judgment. (ECF No. 16). On August 5, 2013, the United States Court of Appeals for the Ninth Circuit filed an opinion vacating this Court's judgment and remanding the case with these instructions:

> Accordingly, we VACATE the district court's order dismissing the petition as untimely and REMAND for an evidentiary hearing or other further factual development as may be necessary to determine whether Valerio has exercised diligence. If the court concludes that Valerio diligently pursued his rights, then it should consider whether Valerio has otherwise demonstrated that he is entitled to equitable tolling of the one-year limitations period. We need not, and do not, reach the merits of any other issue urged on appeal, including Valerio's claim that his conviction was not final until after the adjudication of his *Lozada* petition.

(ECF No. 24, at p. 3). On October 16, 2013, this Court conducted a status conference with counsel for both parties, and directed the parties to file supplemental briefs on the issue of equitable tolling of the statute of limitations. (ECF No. 29). Petitioner filed his supplemental memorandum on January 21, 2014. (ECF No. 32). On April 11, 2014, respondents filed an opposition to petitioner's supplemental memorandum. (ECF No. 35).

## II. Discussion

### A. Application of the AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). In adopting the AEDPA, Congress imposed a one-year statute of limitations on the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). Unless a claim is entitled to delayed accrual under 28 U.S.C. § 2244(d)(1)(B)-(D), the starting date for the AEDPA statute of limitations is based on the finality of the judgment of conviction under 28 U.S.C. § 2244(d)(1)(A). *See Mardesich v. Cate*, 668 F.3d 1164, 1169-71 (9th Cir. 2012). When a petitioner does not pursue state appellate remedies, his conviction is considered final upon the expiration of time for him to pursue state remedies. *Gonzalez v. Thaler*, 132 S.Ct. 641, 647 (2012). Where a Nevada criminal defendant does not pursue a direct appeal, his judgment is final under 28 U.S.C. § 2244(d)(1)(A) when the time for him to file a direct appeal expires under Nevada R. App. P. 4(b)(1)(A), which is thirty days after the entry of the judgment of conviction.

Petitioner did not file a timely notice of appeal after the state district court entered the judgment of conviction on July 11, 2002. (Exhibit 6). Petitioner's conviction became final on August 10, 2002, when the time for petitioner to file a timely notice of appeal expired. Nev. R. App. P. 4(b)(1)(A). From that point until petitioner filed his first post-conviction habeas petition in the state district court on June 27, 2003, a total of 321 days elapsed. The AEDPA limitations period was tolled while the June 27, 2003 petition and the June 11, 2007 *Lozada* petition were pending before the state courts. (Exhibits 10 & 15). The Nevada Supreme Court's Order of May 20, 2008, affirmed the denial of the *Lozada* petition. (Exhibit 23). Remittitur issued on June 17, 2008. (Exhibit 24). From June 18, 2008, petitioner had 44 days remaining of his one-year AEDPA limitations period. The one-year AEDPA statute of limitations expired on July 31, 2008.

Petitioner filed his third state post-conviction habeas petition on May 21, 2009, which was after the expiration of the AEDPA statute of limitations in this case. (Exhibit 25). An

1 application for state post-conviction relief does not toll the AEDPA statute of limitations
2 where the petitioner files it after the AEDPA statute of limitations has expired.  *Ferguson v.*
3 *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir.
4 2001).  The third state habeas petition did not toll the AEDPA statute of limitations during
5 its pendency.  Petitioner signed his federal habeas petition on October 11, 2010.  (ECF No.
6 1-1, at p. 15).  Petitioner did not indicate the date on which he dispatched his federal habeas
7 petition for mailing.  Giving petitioner the benefit of the doubt, this Court deems the
8 petitioner's federal petition to be filed October 11, 2010, the date he signed the petition and
9 the earliest date on which he could have dispatched the petition for mailing.  *See Houston v.*
10 *Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the
11 filing date of a document as the date that it was given to prison officials for mailing).
12 Petitioner's federal habeas petition was filed after the expiration of the AEDPA statute of
13 limitations.

14 **B.  Petitioner's Statutory Tolling Argument**

15 In his supplemental memorandum, petitioner argues that he is entitled to statutory
16 tolling, thus making his federal habeas petition timely filed.  (ECF No. 32).  Petitioner
17 argues that the finality of his judgment of conviction should be based on the expiration of
18 time for seeking certiorari review from his *Lozada* state habeas appeal pursuant to *Jimenez*
19 *v. Quarterman*, 531 U.S. 113 (2009), because the Nevada courts permitted petitioner to
20 pursue direct appeal claims through a *Lozada* petition.  Petitioner argues that the AEDPA
21 one-year statute of limitations should have began to run on August 18, 2008, which was 90
22 days after the Nevada Supreme Court's May 20, 2008 Order affirming the denial of the
23 *Lozada* petition.  Petitioner asserts that petitioner's third state habeas petition was "properly
24 filed" and therefore petitioner is entitled to statutory tolling during the pendency of the
25 second state habeas petition pursuant to 28 U.S.C. § 2244(d)(2).  Petitioner asserts that the
26 AEDPA statute of limitations was statutorily tolled from May 14, 2009, through October 27,
27 2010, the date that remittitur issued on the appeal from the denial of the third state habeas
28 petition.  Petitioner argues that when he dispatched his federal petition to this Court on

October 11, 2010, he had only used 268 days of the one-year AEDPA statute of limitations, making his original federal petition timely.

### 1. Ninth Circuit Memorandum Opinion Limits Issues on Remand

The Ninth Circuit's memorandum opinion filed August 5, 2013, expressly limits the issues before this Court on remand to whether petitioner diligently pursued his rights and whether petitioner has otherwise demonstrated that he is entitled to equitable tolling of the AEDPA statute of limitations. The Ninth Circuit's memorandum opinion states the following:

> Accordingly, we VACATE the district court's order dismissing the petition as untimely and REMAND for an evidentiary hearing or other further factual development as may be necessary to determine whether Valerio has exercised diligence. If the court concludes that Valerio diligently pursued his rights, then it should consider whether Valerio has otherwise demonstrated that he is entitled to equitable tolling of the one-year limitations period. We need not, and do not, reach the merits of any other issue urged on appeal, including Valerio's claim that his conviction was not final until after the adjudication of his *Lozada* petition.

(ECF No. 24, at p. 3). The Ninth Court emphasized that the issue on remand is whether petitioner was diligent in pursuing his rights and whether he is entitled to equitable tolling:

> On the basis of the existing record we are unable to determine whether, from the date that Valerio learned that his trial counsel had not filed a direct appeal, Valerio diligently pursued his rights by filing a prompt petition for post-conviction relief. There is an unresolved factual dispute regarding when Valerio learned that no direct appeal had been filed and, thereafter, what efforts were undertaken by Valerio to appeal his conviction.

(ECF No. 24, at p. 2). An express or implied limitation by the Court of Appeals abridges a district court's authority on remand. *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000). The Ninth Circuit's memorandum opinion is clear in directing this Court to consider the limited issue of equitable tolling with respect to the AEDPA statute of limitations. As such, petitioner's arguments regarding statutory tolling are beyond the scope of what this Court is allowed to consider on remand.

### 2. *Randle v. Crawford* Precludes Petitioner's Statutory Tolling Argument

As stated, petitioner argues that the finality of his judgment of conviction should be based on the expiration of time for seeking certiorari review from his *Lozada* state habeas

appeal pursuant to *Jimenez v. Quarterman*, 531 U.S. 113 (2009), because the Nevada courts permitted petitioner to pursue direct appeal claims through a *Lozada* petition. In *Lozada v. State*, the Nevada Supreme Court held that it did not have jurisdiction to conduct a delayed appeal because a procedural mechanism for such a proceeding did not exist under Nevada law. *Lozada*, 871 P.3d at 946.[1] The Nevada Supreme Court held that if a petitioner could establish a meritorious claim that counsel was ineffective for failing to file a timely notice of appeal, he would be allowed to raise in a state habeas petition any issues which he could have raised on direct appeal. *Id.* at 950.

In *Jiminez v. Quarterman*, 555 U.S. 113, 119-121 (2009), the United States Supreme Court concluded that, if a state court restores a defendant's appellate rights by restoring the pendency of an untimely direct appeal, the AEDPA's one-year statute of limitations does not begin to run under 28 U.S.C. § 2244(d)(1)(A) until the conclusion of the out-of-time direct appeal, which includes the expiration of time for seeking certiorari review of that appeal. Petitioner asserts that his *Lozada* petition is the same as, or the functional equivalent of, a re-opened direct appeal. Petitioner asserts that because he availed himself of the *Lozada* remedy, which he asserts is the same as a direct appeal, the one-year AEDPA statute of limitations should not begin to run until the conclusion of the *Lozada* proceedings.

In *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010), *cert. denied, Randle v. Skolnik*, 131 S.Ct. 474 (2010), the Ninth Circuit rejected the same argument that petitioner asserts in his supplemental brief. In *Randle v. Crawford*, a Nevada petitioner argued that his *Lozada* proceeding altered the date of finality of his conviction under 28 U.S.C. § 2244(d)(1)(A), citing to *Jimenez*, because the *Lozada* procedure "is equivalent to a decision on an out-of-time direct appeal." *Randle*, 604 F.3d at 1056. The Ninth Circuit rejected the petitioner's argument, as follows:

---

[1] In 2009, the Nevada Supreme Court amended the Nevada Rules of Appellate Procedure to allow an out-of-time appeal from a judgment of conviction where there has been ineffective assistance of counsel. *See* Nev. R. App. P. 4(c).

> [U]nlike *Jimenez*, the Nevada Supreme Court never granted Randle leave to file an out-of-time direct appeal. Rather, the state supreme court explicitly stated that an untimely direct appeal was foreclosed by state rules, and that "[a]n untimely notice of appeal failed to vest jurisdiction in this court." At no point did the Nevada Supreme Court "restor[e] the pendency of the direct appeal," nor was "petitioner's conviction . . . again capable of modification through direct appeal to the state courts and to [the Supreme Court] on certiorari review." *Jimenez*, 129 S.Ct. at 686.

*Randle*, 604 F.3d 1056-57 (internal citations omitted). The Ninth Circuit further noted that "[a]lthough Randle was entitled to present, pursuant to *Lozada*, the arguments that he would have presented on direct appeal in his state postconviction relief proceeding, *his direct appeal was not, and could not be, reinstated*." *Id.* at 1057 (emphasis added). In *Randle*, the Ninth Circuit distinguished the *Jimenez* case because the Texas appellate rules at issue in *Jimenez*, unlike Nevada appellate rules and the *Lozada* procedure, allowed the state courts to re-open or restore the pendency of direct appeals. *Id.* In his supplemental brief, petitioner also cites to *Thompson v. Lea*, 681 F.3d 1093 (9th Cir. 2012), in support of his argument for statutory tolling. However, *Thompson v. Lea* must also be distinguished because it involved California appellate rules that allowed the state courts to reopen or restore the pendency of direct appeals, unlike Nevada's *Lozada* remedy. *Id.* In the instant case, although the Nevada state courts allowed petitioner to present direct appeal arguments in a *Lozada* petition, petitioner fails to establish that the Nevada courts restored the pendency of his direct appeal, a condition that the Ninth Circuit in *Randle v. Crawford* recognized could not happen in light of the Nevada Supreme Court's holding in *Lozada*. *See Randle*, 604 F.3d 1056-57. The Court must follow the Ninth Circuit's binding authority announced in the *Randle v. Crawford* decision regarding the effect that Nevada's *Lozada* remedy has on the AEDPA statute of limitations. As such, the Court rejects petitioner's argument that the AEDPA statute of limitations began to run ninety days following the conclusion of his *Lozada* appeal, on August 18, 2008. The Court also rejects petitioner's argument that he is entitled to statutory tolling during the time that his May 21, 2009 state habeas petition was pending in the state courts.

///

### C. Equitable Tolling

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations and citations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). A petitioner is not entitled to equitable tolling where the cause of his late filing is incorrect advice from counsel. *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).

The Court of Appeals' Order of August 5, 2013, remanded the case to this Court for development of the record concerning equitable tolling and whether petitioner was diligent in pursuing his rights. The Court of Appeals' Order specifically directed the following:

> [W]e remand for an evidentiary hearing or for further factual development as may be necessary to determine whether Valerio has exercised diligence. If the Court concludes that Valerio diligently pursued his rights then it should consider whether Valerio has otherwise demonstrated that he is entitled tolling of the one-year limitations period. We need not, and do not, reach the merits of any other issue urged on appeal, including Valerio's claim that his conviction was not final until after the adjudication of his *Lozada* petition.

(ECF No. 24, at p. 3).  Therefore, at the status conference on October 16, 2013, this Court directed the parties to file supplemental briefs specifically addressing the issue of equitable tolling.  (ECF No. 29).  Rather than following the Court's directive, petitioner filed a supplemental brief that is almost entirely consumed with his argument that the AEDPA statute of limitations did not begin to run until after his *Lozada* proceedings concluded and that he is entitled to statutory tolling during the pendency of his May 21, 2009 state habeas petition, thus rendering his federal habeas petition timely.  As discussed above, the Court rejects petitioner's statutory tolling arguments.  It is not until the final three paragraphs of petitioner's supplemental brief that he addresses the issue of equitable tolling.  (ECF No. 32, at pp. 9-10).  Petitioner's brief does not include details of when petitioner learned that his trial counsel failed to file a notice of appeal and what actions he took, if any, to learn the status of his appeal.  Petitioner's brief also does not include details regarding what actions petitioner took once he received notice that his trial counsel did not appeal his judgment of conviction.  Petitioner does not indicate what actions he took to diligently pursue his appellate rights.

Finally, the Court addresses a comment made in petitioner's supplemental brief.  Petitioner asserts that: "This Court can avoid a time-consuming evidentiary hearing by ruling in favor of Valerio's statutory tolling argument."  (ECF No. 32, at p. 6, lines 25-26).  As discussed earlier, this Court must follow the binding authority of *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010), in which the Ninth Circuit rejected a Nevada petitioner's argument that the *Lozada* remedy reopens a direct appeal and that the one-year AEDPA statute of limitations begins to run at the conclusion of the *Lozada* proceedings.  The Court cannot ignore the rule announced in *Randle v. Crawford* for the sake of avoiding an evidentiary hearing on the issue of equitable tolling.  Moreover, this Court cannot ignore the Ninth Circuit's memorandum opinion of August 5, 2013, which specifically directs this Court, on remand, to consider whether petitioner is entitled to equitable tolling.  (ECF No. 24).  If this Court determines that an evidentiary hearing is necessary, it will hold an evidentiary hearing.  A careful reading of the Court of Appeals' Order indicates that an evidentiary hearing was

not mandated by the Order. The Court of Appeals "remand[ed] for an evidentiary hearing *or for other further factual development* as may be necessary to determine whether Valerio has exercised diligence." (ECF No. 24, at p. 3) (emphasis added). Such factual development may include, but is not limited to, exhibits such as affidavits and other documents or records that demonstrate whether petitioner exercised diligence in pursuing his rights after he discovered that his attorney failed to file a direct appeal. Therefore, the Court directs petitioner to file a second supplemental brief, as well as any and all supporting exhibits, regarding whether petitioner exercised diligence in pursuing his rights and is otherwise entitled to equitable tolling of the one-year AEDPA limitations period. Petitioner shall include all exhibits and evidence regarding equitable tolling that he would seek to present at an evidentiary hearing on the matter. Respondents will be given an opportunity to file a response to petitioner's second supplemental brief. Petitioner will be given an opportunity to reply.

### III. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's arguments for statutory tolling, as set forth in petitioner's supplemental brief (ECF No. 32), are **DENIED.**

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the entry of this order, petitioner **SHALL FILE** a second supplemental brief, as well as any and all supporting exhibits and evidence, regarding whether petitioner exercised diligence in pursuing his rights and is otherwise entitled to equitable tolling of the one-year AEDPA limitations period.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of being served with petitioner's second supplemental brief, respondents **SHALL FILE** a response, also including any and all supporting exhibits for the State's position on whether petitioner is entitled to equitable tolling.

**IT IS FURTHER ORDERED** that within **twenty (20) days** of being served with respondents' response to the second supplemental brief, petitioner has the option of filing a reply to the response.

1    **IT IS FURTHER ORDERED** that any exhibits filed by the parties shall be filed
2 with a separate index of exhibits identifying the exhibits by number or letter.  The hard copy
3 of all exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of
4 the Clerk of Court.

5    **DATED** this 20th day of January, 2015.

Gloria M. Navarro, Chief Judge
United States District Court