AARON D. FORD
  Attorney General
Jessica Perlick (Bar. No. 13218)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3825 (phone)
(702) 486-2377 (fax)
JPerlick@ag.nv.gov
Attorneys for Respondents

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GIOVANNI VALERIO,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ANTHONY SCILLIA, WARDEN, *et al.*,<br><br>　　　　Respondents. | Case No. 2:10-cv-01806-GMN-GWF<br><br>**JOINT PROPOSED SCHEDULING ORDER AND REQUEST TO CONTINUE EVIDENTIARY HEARING**<br>**(FIRST REQUEST)** |

　　　　The parties, through their undersigned counsel, hereby propose the following scheduling order to this Court. The parties conferred by telephone on May 22, 2019. The parties request and agree to the following in good faith and not for the purpose of delay:

1. **Hearing.** The parties jointly request that the evidentiary hearing currently set for June 28, 2019, be continued to September 20, 2019, to allow the parties additional time to prepare due to unforeseen and unanticipated scheduling concerns. Most pressing, counsel for Petitioner and Respondents have both been scheduled for oral argument in the Ninth Circuit Court of Appeals at the beginning of June. Counsel for Respondents will appear on June 7, 2019, in *Escobar v. Williams*, Case No. 18-16417, and counsel for Petitioner on June 12, 2019, in *Bellon v. Baker*, Case No. 17-17005. These arguments will require time away from this jurisdiction, case files, and impact counsels' respective abilities to prepare for the evidentiary hearing. Additionally, counsel for Petitioner was out of the office for client visits May 23-24, 2019, and a state evidentiary hearing, previously set for May 28, 2019, but ultimately

cancelled. Respondents' counsel has also been involved in the training of new deputies, a timing consideration that did not arise until April of 2019. Finally, both counsel have been in contact and working toward a possible resolution that would render an evidentiary hearing unnecessary. In light of these circumstances, counsel respectfully request that the evidentiary hearing be continued to **September 20, 2019, at 9:00 a.m. in Courtroom 7D.**

2. **Scheduling Order.** In all other respects, the parties agree to comply with the timing and specific instructions set forth in this Court's March 4, 2019 scheduling order, ECF No. 80, to wit:

    a. **Exchange of Preliminary Witness and Exhibit Lists and Stipulations.** No later than twenty-eight (28) days prior to the hearing, counsel shall confer either in person or telephone, and shall exchange preliminary exhibit and witness lists, exchange any exhibits not already possessed by opposing counsel, and discuss stipulations as to authenticity and any evidentiary objections.

    b. **Final Witness Lists and Evidentiary Objections.** No later than twenty-one (21) days prior to the hearing, counsel shall jointly file a consolidated final list of the witnesses and exhibits to be offered jointly and/or by each party and which shall further identify any evidentiary objections that may be anticipated in advance of the hearing. No party will be allowed to introduce over objection any witness or exhibit not listed in the final witness and exhibit list, except that a party may file a supplement no later than fourteen (14) days prior to the hearing listing evidence in response to any witness or exhibit identified for the first time in the final list. No objection that may be anticipated in advance of the hearing will be preserved unless raised in the final list.

    c. **Depositions**. The parties may introduce the depositions taken in discovery in lieu of live testimony by the witnesses, except as to controverted testimony where the Court will be called upon to make a credibility determination, in which case the witness must be called live.

/ / /

d. **Length of Hearing; Interpreters; Other Housekeeping Matters.** The Court anticipates that the hearing possibly may take up to a full day. If counsel (a) anticipate that the hearing will run longer than one full day, (b) anticipate that an interpreter will be needed for a party or a witness, or (c) have other housekeeping matters to address regarding the hearing, they shall contact Courtroom Administrator Aaron Blazevich at 702-464-5421 regarding same no later than twenty-one (21) days prior to the hearing.

e. **Prisoner Transport Order and Subpoenas of Non-Prisoner Witnesses.** No later than fourteen (14) days before the hearing, petitioner's counsel shall submit an order to transport prisoner to secure petitioner's presence at the hearing; and any party wishing to call any other prisoner to testify similarly shall submit an order to transport prisoner by that date. No continuance will be granted for failure to secure the attendance of the petitioner or any other prisoner unless an order to transport prisoner was timely sought. Similarly, no continuance will be granted for failure to secure the attendance of a non-prisoner witness who was not seasonably subpoenaed. Each prisoner-transport order shall include the following sentence as the final paragraph: "The Clerk of Court additionally shall provide a copy of this order to the Marshal's Las Vegas office."

f. **Pre-Hearing Memoranda.** No later than seven (7) calendar days prior to the hearing, counsel for petitioner and for respondents each shall file a pre-hearing memorandum setting forth the evidence that they expect to present at the hearing together with their legal argument regarding the issues to be raised by the anticipated evidence presented by the parties at the hearing.

g. **Exhibit Binders.** On the morning of the hearing, counsel for petitioner and for respondents each shall provide to the Courtroom Administrator three binders or sets of exhibit binders, with one such binder or set of binders containing the exhibits offered for introduction at the hearing, and the other binder or sets being for the staff attorney and trial judge. Each counsel additionally shall provide one additional binder

or set of binders to opposing counsel. If joint exhibits are submitted, counsel shall arrange between themselves similarly to provide to the Courtroom Administrator three binders or sets of exhibit binders containing the joint exhibits. The "original" exhibits within the binder(s) for the witness each shall be marked by an exhibit sticker, prior to being copied for the other sets of binders. Any lengthy exhibits that are not otherwise internally numbered and that likely will be referenced in detail during live testimony shall be Bates-number stamped for ease of reference during the testimony. If electronic exhibits are provided to the Court, only two physical binders or set of binders shall be required for the Court and the trial judge's copy will not be required. Electronic exhibits must be submitted on a thumb drive, CD, DVD, or hard drive, and will be kept by the Court.

DATED May 29, 2019.

Respectfully submitted by:

| | |
|---|---|
| AARON D. FORD<br>Attorney General | RENE L. VALLADARES<br>Federal Public Defender |
| /s/ Jessica Perlick<br>Jessica Perlick<br>Senior Deputy Attorney General<br>Attorney for Respondents | /s/ T. Kenneth Lee<br>T. Kenneth Lee<br>Assistant Federal Public Defender<br>Attorney for Petitioner |

IT IS SO ORDERED:

_____
United States District Judge

Dated: June 17, 2019