## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GIOVANNI VALERIO,<br><br>                           Petitioner,<br>v.<br><br>ANTHONY SCILLIA, *et al.*,<br><br>                           Respondents. | Case No. 2:10-cv-01806-GMN-EJY<br><br>ORDER |

This represented habeas matter under 28 U.S.C. § 2254 by Petitioner Giovanni Valerio ("Petitioner" or "Valerio") comes before the Court for a decision regarding the timeliness of the Petition.

A more detailed summary of factual background, procedural history, and governing law pertinent to this matter can be found in ECF No. 93, at 1-18. (*See also* ECF No. 80, at 1-4; ECF No. 66, at 1-5 & 11-12.)

At bottom, the timeliness issue under 28 U.S.C. § 2244(d) concerns the following two otherwise untolled periods of time: (a) a first, 318-day period between the expiration of the time to file a direct appeal on August 12, 2002, and the filing of a *Lozada* petition[1] on June 27, 2003; and (b) a second, 337-day period between the issuance of the remittitur concluding the *Lozada* proceedings on June 17, 2008, and the filing of a timely and properly filed state postconviction petition on May 21, 2009. Neither statutory tolling under § 2244(d)(2) nor any form of delayed accrual under § 2244(d)(1) applies to either

---

[1] At that time under Nevada practice, a *Lozada* petition allowed a petitioner to pursue all issues that he otherwise could have pursued in a timely direct appeal instead in a state postconviction petition.

1

period.  In the context of this case, Valerio accordingly must satisfy the requirements for equitable tolling to overcome the otherwise untimeliness of the Petition.

The Court initially dismissed the matter as untimely.  The Court concluded *inter alia* that Valerio had failed to establish that he pursued his rights diligently because he had not provided evidence or argument that he personally took any steps to establish the status of his direct appeal by attempting to contact counsel or the state district court.  The Court accordingly concluded that Valerio had failed to establish a basis for equitable tolling for any period prior to the putative date that the federal limitation period expired per the Court's calculation at the time of its dismissal.[2]

The Ninth Circuit reversed and remanded, concluding *inter alia* that there were unresolved factual disputes regarding when Valerio learned that a direct appeal had not been filed and as to what efforts he took thereafter to challenge his conviction.  The Court of Appeals remanded for an evidentiary hearing or for other factual development as was necessary to determine whether Valerio exercised reasonable diligence and, if so, whether he otherwise had demonstrated that he was entitled to equitable tolling.  (*See* ECF No. 24, at 2-3.)

This Court thereafter conducted extensive proceedings directed to factual inquiry and legal argument pertinent to time-bar issues, ultimately setting the matter for an evidentiary hearing.  The Court stayed the matter, however, at the request of the parties to await the Ninth Circuit's *en banc* decision in *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (*en banc*), *cert. denied*, 2020 WL 6829092, No. 20-5366 (U.S. Nov. 23, 2020).

*Smith* rejected a "stop-clock" approach for equitable tolling.  Under that approach, a successful demonstration of equitable tolling regarding a discrete period would "stop the clock" on the federal limitation period for that specific duration.  Equitable tolling thus

---

[2] At the time of the dismissal, the Court used a July 31, 2008, putative expiration date, *i.e.*, absent further tolling or delayed accrual.  The Court since has recalculated the putative expiration date as instead August 4, 2008, which was after 47 days had elapsed in the second untolled period.  Valerio did not dispatch the federal petition until on or about October 11, 2010, shortly before the October 27, 2010, issuance of the remitter concluding the proceedings on the timely May 21, 2009, state petition.  (*See* ECF No. 66, at pages 2-3 & notes 2, 4 & 6.  *See also* ECF No. 93, at 14-15 & 18 n.13.)

2

would function under the stop-clock approach substantially the same way as statutory tolling, which suspends the running of the limitation period during a specified period, removing those days from the count toward one year. *See generally* 953 F.3d at 586 & 589; *see also* ECF No. 93, at 11. Under an at least strict stop-clock approach, if Valerio established a basis for equitable tolling for the first, 318-day period, he potentially would have been able to overcome the otherwise untimeliness of the Petition without regard to the second, 337-day period. Under such a strict or simple stop-clock approach, in that event, he still would be under 365 days in untolled time when he filed his federal petition if the limitation clock was stopped by equitable tolling for the full 318 days.[3]

Under *Smith*, however, Valerio must show, *inter alia*, that he exercised reasonable diligence during the entirety of all otherwise untolled time, including the second, 337-day period, even if he *arguendo* otherwise established that an extraordinary circumstance stood in the way of his filing during the first, 318-day period. 953 F.3d at 598-600; *see also* ECF No. 93, at 12-16 (rejecting Valerio's argument seeking to limit the application of *Smith*). Valerio further must show essentially a causal nexus between any earlier *arguendo* extraordinary circumstance during the first, 318-day period and his failure to file a timely federal petition, *i.e.*, that the extraordinary circumstance prevented a timely filing despite his exercise of reasonable diligence throughout all otherwise untolled periods prior to his federal filing. *See* 953 F.3d at 589, 595 & 598-600; *see also* ECF No. 93, at 11-13.

The Court accordingly gave Valerio an opportunity to tender any available evidence that might tend to establish the exercise of reasonable diligence during the second, 337-day period. (ECF No. 93, at 15-19.) Following that opportunity, Valerio represents that he "does not have any new specific factual allegations or evidence to submit in further support of tolling" over and above that provided previously in support of

---

[3] The Court refers to a "strict" or "simple" stop-clock approach because prior to *Smith* a question remained in Ninth Circuit caselaw as to the extent under the stop-clock approach that a petitioner nonetheless had to show reasonable diligence after the equitable tolling event that "stopped the clock" had ceased. Prior to the stay to await *Smith*, this question was to be addressed by the parties during the briefing heading into the evidentiary hearing. (*See* ECF No. 80, at 3-4.)

his effort to establish equitable tolling. (ECF No. 96, at 2.) The Court notes that that prior evidence pertained to the first, 318-day period and not otherwise specifically to the second, 337-day period. Petitioner's filing reflects his understanding that "as this Court indicated in its Order, that the inability to provide new evidence as the Court requested means "'the petition likely will be dismissed as untimely.'" (*Id.*)[4]

Given the intervening authority in *Smith,* and considering all factual presentation tendered previously herein, there is no occasion for further proceedings in this matter on the timeliness issue. Under *Smith*, Valerio will not be able to successfully establish equitable tolling to render the Petition timely, because he cannot demonstrate reasonable diligence during the entirety of the otherwise untolled time. In *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005), a petitioner's failure to demonstrate reasonable diligence for periods as short as five and seven months was fatal to his effort to establish equitable tolling on the facts presented. Here, Valerio clearly cannot establish reasonable diligence for over 11 months, nearly a full year, and extending nearly 10 months after the putative expiration of the limitation period. Considering the entire factual presentation previously tendered in this case,[5] Valerio cannot establish a viable basis for equitable tolling with no tendered showing of the exercise of reasonable diligence specifically during such an extended period.

The Court has complied with the prior remand order and mandate in entertaining further record development, in fact extensive factual development following upon discovery. However, based on the intervening authority in *Smith* and the factual record heretofore presented, further proceedings on the timeliness issue are not warranted. To the extent that the prior appellate decision and mandate in this case otherwise might have required further factual development prior to judgment, the mandate rule is subject to

---

[4] The Court acknowledges Valerio's otherwise previously preserved legal arguments in the event of any appeal.

[5] *See, e.g.,* the factual and/or evidentiary summaries at ECF No. 80, at 1-3; ECF No. 66, at 4-5. The Court notes that by the time of the second, 337-day period, Valerio would have been 23 to 24 years old, considering his current age of 37 as per the state correction department's online inmate locator, at https://ofdsearch.doc.nv.gov/form.php .

intervening controlling authority, such as the Ninth Circuit's *en banc Smith* decision here. *See, e.g., In re Molasky*, 843 F.3d 1179, 1184 n.5 (9th Cir. 2016).

The Court therefore will direct entry of final judgment dismissing this action with prejudice as untimely. The Court is confident that it has reached the correct result for the correct reasons without further proceedings herein. However, given, *inter alia*, the extended proceedings herein, the prior remand, and further the panel's retention of jurisdiction over any subsequent appeal, the Court will grant a certificate of appealability.

IT IS THEREFORE ORDERED that the Petition shall be DISMISSED with prejudice as untimely.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED. The Court of Appeals may wish to note that the panel on the prior appeal, No. 11-16384, retained jurisdiction over any future appeal in the matter.

The Clerk of Court, prior to entry of judgment, shall substitute Tim Garrett for Anthony Scillia as a respondent herein.

The Clerk thereupon then shall enter final judgment, dismissing the Petition with prejudice and closing this action.

DATED THIS March 9, 2021

_____
Gloria M. Navarro
United States District Judge